52 F.3d 327
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael D. WEDDING, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-6276.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1995.
 
 1
 Before: NELSON and BOGGS, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 Michael D. Wedding appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, Wedding pleaded guilty to aiding and abetting an attempt to possess with intent to distribute marijuana in violation of 21 U.S.C. Sec. 846 and 18 U.S.C. Sec. 2 and the use of a firearm during a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c). The district court sentenced Wedding to 66 months of imprisonment. Wedding did not file a direct appeal.
 
 
 4
 Wedding filed a motion for relief from judgment, arguing that: 1) the district court lacked subject matter and territorial jurisdiction over his crimes; 2) his convictions were the result of prosecutorial misconduct; and 3) his plea was coerced by his attorney. The district court construed his pleading as a Sec. 2255 motion to vacate sentence and denied the motion as meritless. On appeal, this court affirmed that determination. United States v. Wedding, Case No. 93-5585 (6th Cir. Nov. 16, 1993).
 
 
 5
 Wedding then moved for a judgment on the pleadings, alleging a deprivation of his right to property and to liberty, which the district court denied. Wedding next filed a motion to correct the judgment/commitment order, alleging certain inaccuracies in his judgment of conviction and sentence. The district court denied this motion. Wedding also requested a court order for discovery, so that he could prepare for filing a Sec. 2255 motion, which the district court denied as moot.
 
 
 6
 Wedding then filed his present Sec. 2255 motion to vacate alleging that: (1) he did not understand the nature of the charges to which he was pleading guilty; (2) he was denied the effective assistance of counsel; (3) his convictions were the result of outrageous governmental misconduct; and (4) his indictment was improperly amended. A magistrate judge issued a report recommending that Wedding's motion be denied because, to the extent it raised issues he had previously raised, his motion was successive and, to the extent it raised issues not previously raised, the motion was an abuse of the writ. Over Wedding's objections, the district court adopted this recommendation and denied the motion. Wedding has filed a timely appeal.
 
 
 7
 Upon review, we determine that the district court properly denied Wedding's motion. To the extent that Wedding is attempting to argue issues raised in prior motions, his present motion to vacate is a successive petition and the district court properly dismissed the claims on that basis. See Sanders v. United States, 373 U.S. 1, 15 (1963). To the extent that Wedding is attempting to argue issues he has not previously raised either by deliberately abandoning them or not raising them through inexcusable neglect, his present motion constitutes an abuse of the writ. See McCleskey v. Zant, 499 U.S. 467, 489-93 (1991). Wedding has not shown cause or prejudice to excuse his failure to previously raise these claims nor has he shown that he is actually innocent of his crimes so that his claims must be considered in order to prevent a fundamental miscarriage of justice. Id. at 493-94.
 
 
 8
 Accordingly, we affirm the judgment for the reasons set forth in the magistrate judge's report and recommendation filed on July 14, 1994, as adopted by the district court in its order filed on August 30, 1994. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation